UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JUDITH FONSECA

v.  C.A. NO: 04-11870 WGY

MAXI DRUG, INC. d/b/a
BROOKS PHARMACY

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO PROVIDE MORE RESPONSIVE ANSWERS TO INTERROGATORIES

Defendant, Maxi Drugs, Inc. d/b/a Brooks Pharmacy, in the above-entitled action and pursuant to Fed. R. Civ. P. 37 and Local Rules 7.1 and 37.1, hereby submits this memorandum of law in support of its motion to compel the Plaintiff to provide more responsive answers to interrogatory numbers 10, 11, 12, 13, and 23. As of the filing of this motion, Plaintiff has failed to fully respond.

On May 13, 2005, the undersigned sent Plaintiff's counsel a letter requesting a discovery conference pursuant to Local Rule 37.1(A). Plaintiff's counsel's secretary responded by telephone indicating that the discovery responses would be provided by no later than June 3, 2005. No other attempt to arrange for a discovery conference was made by Plaintiff's counsel. On June 6, 2005, Defendant received Plaintiff's answers to interrogatories. However, the following answers are deficient:

**Interrogatory No. 10**:

State each and every fact upon which you rely to support your allegation that this defendant breached any implied warranties owed to you.

**Response:** The plaintiff objects to this Interrogatory as it calls for a conclusion of law which is properly reserved for the trier of fact and law.

**Response Sought:**   Defendant moves to strike Plaintiff's objection and to compel the Plaintiff to fully answer this interrogatory. Plaintiff's objection is inappropriate, without merit, and untimely. Pursuant to Fed. R. Civ. P. 33(b)(4), objections are waived if not timely filed. Plaintiff's objections were filed well beyond the deadline and are therefore waived.

This interrogatory does not call for a conclusion of law, but rather seeks to have the Plaintiff set forth those facts she is relying upon to support her claims for breach of implied warranties. The Plaintiff has asserted causes of action in the Complaint sounding in warranty. Thus, Defendant is entitled to know the nature of these claims as well as how the Plaintiff intends on substantiating these claims at trial. Plaintiff will have to prove the existence and breach of a warranty at trial by way of specific facts. Accordingly, Defendant must be apprised of the facts supporting these claims at the discovery stage in order to prepare effectively to defend against these claims at trial. Therefore, Plaintiff should be compelled to fully answer this interrogatory without the stated objection.

**Interrogatory No. 11:**

If you claim that your injuries were caused in any way by the breach of any express warranty allegedly given by this Defendant, please:

(a)  give an exact description of each such warranty;
(b)  state the manner in which each such warranty was given, including all written and oral statements, descriptions and/or specifications;
(c)  state the exact name or other identifying factors of all persons in defendant's employment who you claim gave you such warranty as stated;
(d)  state the exact time each such warranty was given, and whether the warranty was given before or after the sale took place;
(e)  state how the product did not conform to each such warranty as described in response to subpart (a) of this interrogatory;
(f)  describe how each such breach of warranty contributed to the alleged occurrence.

**Response:**   The plaintiff objects to this Interrogatory as it calls for a conclusion of law which is properly reserved for the trier of fact and law.

**Response Sought:** Defendant moves to strike Plaintiff's objection and to compel the Plaintiff to fully answer this interrogatory. Plaintiff's objection is inappropriate, without merit, and untimely. Pursuant to Fed. R. Civ. P. 33(b)(4), objections are waived if not timely filed. Plaintiff's objections were filed well beyond the deadline and are therefore waived.

This interrogatory does not call for a conclusion of law, but rather seeks to have the Plaintiff set forth those facts she is relying upon to support her claims for breach of express warranties. The Plaintiff has asserted causes of action in the Complaint sounding in warranty. Thus, Defendant is entitled to know the nature of these claims as well as how the Plaintiff intends on substantiating these claims at trial. Plaintiff will have to prove the existence and breach of a warranty at trial by way of specific facts. Accordingly, Defendant must be apprised of the facts supporting these claims at the discovery stage in order to prepare effectively to defend against these claims at trial. Therefore, Plaintiff should be compelled to fully answer this interrogatory without the stated objection.

**Interrogatory No. 12:**

Please state all facts upon which you claim this Defendant was negligent or breached a duty of care owing to you.

**Response:** The plaintiff objects to this Interrogatory as it calls for a conclusion of law which is properly reserved for the trier of fact and law.

**Response Sought:** Defendant moves to strike Plaintiff's objection and to compel the Plaintiff to fully answer this interrogatory. Plaintiff's objection is inappropriate, without merit, and untimely. Pursuant to Fed. R. Civ. P. 33(b)(4), objections are waived if not timely filed. Plaintiff's objections were filed well beyond the deadline and are therefore waived.

This interrogatory does not call for a conclusion of law, but rather seeks to have the Plaintiff set forth those facts she is relying upon to support her claims of negligence. The Plaintiff has asserted a cause of action in the Complaint sounding in negligence. Thus, Defendant is entitled to know the nature of these claims as well as how the Plaintiff intends on substantiating these claims at trial. Plaintiff will have to prove the existence and breach of a duty owed to her by the defendant by way of specific facts. Accordingly, Defendant must be apprised of the facts supporting these claims at the discovery stage in order to prepare effectively to defend against these claims at trial. Therefore, Plaintiff should be compelled to fully answer this interrogatory without the stated objection.

**Interrogatory No. 13:**

Itemize and describe each of the special damages incurred by you as a result of the incident referred to in the complaint, including, but not limited to hospital charges, medical charges, x-ray charges, laboratory fees, the cost of medicines, the expenses of special nurses or helpers, charges for substitute help, charges for special appliances, lost wages, loss of services or consortium, property damages, etc., giving a name and address of the person or organization to whom each item of expense has been paid or is payable and the date such expenses were incurred.

**Response:** Most of the bills were sent to MassHealth and I am not in possession of them but I will supplement this Interrogatory as soon as I am in receipt thereof.

**Response Sought:** Defendant moves to compel the Plaintiff to fully answer this interrogatory by itemizing and describing each of the special damages she allegedly incurred as a result of the incident sued upon. It is the Plaintiff's burden to prove her damages. The Defendant can only defend against those damages to which it is made aware.

These interrogatories were propounded upon the Plaintiff December 7, 2004, more than six months ago, and the Plaintiff has still not provided an itemization of damages. Plaintiff has had ample time to compile the necessary information to respond to this interrogatory. Moreover, Plaintiff's answer does not even indicate that the information has been requested as of this time.

The requested information is reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's present answer is wholly non-responsive. Defendant is entitled to know the nature and extent of the damages being alleged in this case. Therefore, Plaintiff should be compelled to fully answer this interrogatory or be precluded from recovering any element of damage that is not fully itemized and described as requested within twenty (20) days of this Court's determination of this motion.

**Interrogatory No. 23:**

As to each and every document, record, report, voice recording, photographs (x-ray or otherwise) or other item of any and every nature whatsoever, in your possession, custody or control which contain or purport to contain any information whatsoever directly or indirectly relating to the subject matter of this civil action, set forth:

(a) nature of each such item;
(b) date on which it was prepared;
(c) name and address of its preparer;
(d) brief description of what it contains or purports to contain;
(e) names and addresses of the person and/or institution having possession or custody of each of them.

**Response:** None other than medical records and prescription receipts and reports of the responding personnel which I will be happy to copy and produce to the defendant upon request.

**Response Sought:** The Plaintiff identifies medical records, prescription receipts and reports as the only materials responsive to this interrogatory, but then fails to provide the requested information for each item. Rather, Plaintiff states that the materials will be produced upon

request. This dilatory gamesmanship should not be tolerated by this Court. Defendant propounded a request for production of documents upon Plaintiff on November 12, 2004 requesting production of these materials and Plaintiff has failed to even respond to that request, much less produce these materials. Plaintiff should be compelled to fully answer this interrogatory by providing the requested information for each item in Plaintiff's possession, custody or control.

**WHEREFORE**, Plaintiff should be compelled to provide full and complete answers to interrogatory numbers 10, 11, 12, 13, and 23, without the stated objections, within twenty (20) days of this Court's determination of the motion.

                    Defendant
                    Maxi Drug, Inc. d/b/a Brooks Pharmacy
                    By its Attorneys:

Michael R. De Luca, BBO # 639569
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
Tel: (401) 274-6644
Fax: (401) 331-9304

### CERTIFICATION

John M. Sahady, Esq.
Sahady Associates, PC
399 North Main Street
Fall River, MA 02720

I hereby certify that a true copy of the within was served by mail upon counsel of record, as above, on the 14th day of June, 2005.